IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS GALINDO FLORES,

    Petitioner,               No. CIV S-11-0125 JAM DAD (TEMP) P

    vs.

WHITE,

    Respondent.           <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. The court has conducted that review.

        While it is not entirely clear, it appears petitioner challenges a judgment of conviction and sentence entered in the San Joaquin County Superior Court in 1995. However, petitioner fails to present any claim upon which this court can grant relief under 28 U.S.C. §

1

2254 because he does not point to anything suggesting he is either in custody in violation of federal law or that the length of his sentence violates federal law. See 28 U.S.C. § 2254(a). Petitioner's application for writ of habeas corpus will be dismissed. The court will, however, grant petitioner leave to file an amended petition.

Any amended petition must be filed on the form to be provided by the Clerk of the Court. The form must be completed accurately. In his original petition, it appears petitioner takes issue with the fact that has been forced to pay restitution. However, improper recovery of restitution is not a valid basis for habeas relief under 28 U.S.C. § 2254 as that is not a challenge to custody. See 28 U.S.C. § 2254(a). Finally, petitioner is informed that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the California Supreme Court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). Petitioner should not file an amended petition if his claims have not been presented to, and ruled upon by the California Supreme Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted.

2. The Clerk of the Court is directed to send petitioner the court's form-application for writ of habeas corpus by a person in state custody.

3. Petitioner's application for writ of habeas corpus is dismissed. Petitioner is granted leave to file an amended petition for writ of habeas corpus which complies with all of the terms of this order within thirty days. Petitioner's failure to file an amended petition that

/////
/////
/////
/////

1  complies with all of the terms of this order within thirty days will result in a recommendation that
2  this action be dismissed without prejudice.
3  DATED: March 10, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kc
flor0125.114